UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Taeng Yang,<br><br>        Petitioner,<br><br>v.<br><br>Nate Knutson,<br><br>        Respondent. | Case No. 18-cv-00014 (SRN/TNL)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Taeng Yang, #234617, MCF-Moose Lake, 1000 Lakeshore Drive, Moose Lake, Minnesota 55767, *pro se* Petitioner.

Edwin William Stockmeyer, III and Matthew Frank, Office of the Minnesota Attorney General, 445 Minnesota Street, Saint Paul, Minnesota 55101, and Peter R. Marker, Ramsey County Attorney's Office, 345 Wabasha Street North, Suite 120, Saint Paul, Minnesota 55102, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

## I. INTRODUCTION

This matter is before the Court for consideration of Petitioner Taeng Yang's Objection [Doc. No. 16] ("Obj.") to Magistrate Judge Tony N. Leung's June 12, 2018 Report and Recommendation [Doc. No. 13] ("R&R"). The magistrate judge recommended granting Respondent's Motion to Dismiss [Doc. No. 8] and dismissing Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. No. 1] ("Petition"). For the reasons set forth below, the Court overrules Petitioner's Objection and adopts the R&R in its entirety.

1

## II. BACKGROUND

The R&R documents the relevant factual and procedural background of this case, and the Court incorporates it by reference. Briefly stated, Petitioner was convicted after a jury trial of one count of felony domestic assault, Minn. Stat. § 609.2242, subdiv. 4, and one count of terroristic threats, Minn. Stat. § 609.713, subdiv. 1. *State v. Yang*, No. A16-0233, 2017 WL 474400, at *1-2 (Minn. Ct. App. Feb. 6, 2017).[1] Petitioner did not testify at trial, and he attempted to call two eyewitnesses who both exercised their Fifth Amendment rights against self-incrimination. *Id.* at *2. In addition to finding Petitioner guilty on both counts, the jury found that the State had proved three aggravating sentencing factors. *Id.* The district court sentenced Petitioner to 60 months imprisonment for the domestic assault crime, a double-upward departure from the sentencing guidelines, and did not impose any sentence for the terroristic threats offense. *Id.* at *2, 7.

Petitioner filed a counseled direct appeal to the Minnesota Court of Appeals. *See generally id.* Petitioner's counsel challenged the district court's decisions on four issues: (1) denial of Petitioner's pretrial request for appointment of a different public defender, (2) permitting the State to offer relationship evidence about Petitioner and his alleged victim, (3) ruling that the State could impeach Petitioner with a previous burglary conviction if he chose to testify, and (4) declining to bifurcate the guilt and aggravating-

---

[1] This statement of the factual and procedural history of the case is drawn in part from the opinion of the Minnesota Court of Appeals affirming Yang's conviction, *Yang*, 2017 WL 474400, which both Petitioner and Respondent have submitted to the Court. (Exs. to Mem. of Law in Supp. of Habeas Corpus Pet. [Doc. No. 3], Ex. A [Doc. No. 3-1]; Exs. to Mem. of Law in Supp. of Mot. to Dismiss Habeas Corpus Pet. [Doc. No. 10], Ex. 4 [Doc. No. 10-3].)

sentencing-factor issues of the trial. *Id.* at *2-6. The court of appeals affirmed the district court's decisions on these issues.

Petitioner filed a supplemental *pro se* brief to the court of appeals, which raised four additional issues: (1) whether the district erred in denying Petitioner his Sixth Amendment right to compulsory process for calling witnesses in his defense, (2) whether he received ineffective assistance of trial counsel because his counsel failed to employ compulsory process to call witnesses in his defense, (3) whether evidence was sufficient to support his convictions, and (4) whether his conviction for two crimes arising out of a single act or incident violates his Fifth Amendment right to be free from Double Jeopardy. (Exs. to Mem. of Law in Supp. of Habeas Corpus Pet. [Doc. No. 3] ("Habeas Exs."), Ex. E [Doc. No. 3-6] (Supplemental Br. at 2).) The court of appeals rejected these arguments on their merits as well. *Yang*, 2017 WL 474400, at *6-7.

After the court of appeals issued its opinion affirming Petitioner's conviction, Petitioner filed a counseled Petition for Review to the Minnesota Supreme Court, which has discretionary review of most felony conviction in the State of Minnesota. *See* Minn. R. Crim. P. 29.02, subdiv. 2. The Petition for Review raised the same four issues that Petitioner's counsel raised in the direct appeal to the court of appeals. (Habeas Exs., Ex. C [Doc. No. 3-4] (Petition for Review at 2).) As a fifth issue for review, the Petition stated "Yang also asks this Court to accept review of all the issues raised in his pro se supplemental brief, and to accept the pro se supplement petition for review, which is filed separately with an accompanying motion." (*Id.* at 7.) Petitioner also filed with the Minnesota Supreme Court a motion for acceptance of his *pro se* Petition for Review, stating

3

that "Petitioner filed a pro se supplemental brief in the court of appeals and now wishes to file a supplemental petition for review of those issues raised in his pro se brief. (Habeas Exs., Ex. C [Doc. No. 3-3] (Pro Se Pet. for Review).) The Minnesota Supreme Court denied this motion, and also denied Petitioner's counseled Petition for Review. (Exs. to Mem. of Law in Supp. of Mot. to Dismiss Habeas Corpus Pet. [Doc. No. 10], Ex. 7 [Doc. No. 10-6] (Order dated 3/8/17); Habeas Exs., Ex. B [Doc. No. 3-2] (Order dated 4/26/17).)

On January 2, 2018, Petitioner filed his § 2254 Petition for Writ of Habeas Corpus in this Court. Petitioner bases his Petition on the same four arguments that he made in his *pro se* supplemental brief to the court of appeals. (*See* Mem. of Law in Supp. of Habeas Corpus Pet. [Doc. No. 2] at 2; Habeas Exs., Ex. E (Supplemental Br. at 2).) Respondent filed a Motion to Dismiss, arguing that Petitioner's claims were not fairly presented to the Minnesota Supreme Court and are now procedurally defaulted. (Mem. of Law in Supp. of Mot. to Dismiss Pet. for Habeas Corpus [Doc. No. 9] at 1.)

Magistrate Judge Tony N. Leung issued an R&R recommending that Respondent's Motion be granted and Petitioner's Petition be dismissed. The magistrate judge determined that Petitioner did not fairly present his federal claims to the Minnesota Supreme Court because he did not include them in his counseled Petition for Review. (R&R at 12-14.) The magistrate judge further held that Petitioner's claims were now procedurally defaulted under *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976), and that Petitioner has not demonstrated cause and prejudice or the danger of a miscarriage of justice to overcome the procedural-default rule. (R&R at 15-18.) The magistrate judge recommended that the

4

Court not issue a certificate of appealability. (*Id.* at 18-19.) Petitioner filed an Objection, which the Court considers below.

## III. DISCUSSION

### A. Standard of Review

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations." D. Minn. LR 72.2(b)(1). The district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3).

### B. Applicable Law

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner is being held pursuant to the judgment of a state court, so his habeas petition is governed by § 2254.

A writ of habeas corpus under § 2254 "shall not be granted" with respect to any claim that has been adjudicated on the merits in state court unless the state court proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). Before seeking a writ of habeas corpus, a state prisoner must exhaust all

available state remedies. *Id.* § 2254(b)(1). To provide the state with an opportunity to adjudicate and correct alleged violations of its prisoners' federal rights, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam)).

If a petition for habeas corpus contains claims that have not been fairly presented to the highest state court, the Court must determine whether those claims are (1) unexhausted and may still be presented to the state court, or (2) procedurally defaulted by operation of an independent and adequate state procedural rule precluding further litigation in the state courts. *See* 28 U.S.C. § 2254(c); *Fraction v. Minnesota*, 678 F. Supp. 2d 908, 917 (D. Minn. 2008) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). If the petitioner's claim is procedurally defaulted, that is, subject to a procedural bar in the state court, the Court must dismiss the petition unless the petitioner can demonstrate "cause and prejudice for the procedural default," *Dretke v. Haley*, 541 U.S. 386, 393 (2004), or that "failure to consider the claims will result in a fundamental miscarriage of justice," *Coleman*, 501 U.S. at 750.

**C. Analysis**

**1. Exhaustion**

Petitioner objects to the magistrate judge's determination that he has not exhausted the claims in his Petition because he did not fairly present his federal claims to the Minnesota Supreme Court for review. He asserts that his *pro se* arguments were included in

6

the counseled Petition for Review because it asked the court to decide whether "the issues raised in Yang's pro se supplemental brief warrant review." (Obj. at 8 (citing Habeas Exs., Ex. C (Pet. for Review at 2)).) Petitioner argues that he has "exhausted his state remedies by properly pursuing a claim through the entire appellate process." (*Id.* (citing *Clements v. Maloney*, 485 F.3d 158, 168 (1st Cir. 2007)).)

The magistrate judge held that Petitioner has not exhausted his claims because the incorporation of his *pro se* arguments in his counseled Petition for Review did not "'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" (R&R at 12 (quoting *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005)).) As the Supreme Court stated in *Baldwin v. Reese*, "a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." 541 U.S. at 31. The magistrate judge found that Petitioner's reference to his supplemental brief in the court of appeals proceeding was insufficient to alert the Minnesota Supreme Court to the federal claims therein. (R&R at 13 (citing *Foster v. Fabian*, No. 07-cv-4317, 2009 WL 921063, at *8 (D. Minn. Mar. 31, 2009) ("[A]s other Courts in this District have held, 'incorporation' of a lower court decision or briefs submitted to such a lower court, without identifying the federal issue in the petition for review, is insufficient to fairly present a federal claim for the purposes of exhaustion.")).)

Petitioner's reference to *Clements v. Maloney* does not persuade the Court that the magistrate judge's reasoning is wrong. In *Clements*, the First Circuit Court of Appeals

7

discussed its ruling in *Barresi v. Maloney*, 296 F.3d 48, 52 (1st Cir. 2002), that a claim may be fairly presented if the filing is ambiguous as to whether the issue derives from state or federal law and the review of "certain 'backdrop' materials" in the case shows the issue to be federal in nature. *Clements*, 485 F.3d at 162-63 (citing *Barresi*, 296 F.3d at 52). The court in *Clements* noted, however, that *Barresi* may have been invalidated by *Baldwin*, and ultimately distinguished the case rather than applying it. *Id.* at 162, 164-65. *Clements* is not binding precedent, and it carries little persuasive weight in light of the Supreme Court's decision in *Baldwin*, 541 U.S. at 31.

Petitioner also argues that "[c]ourts may dispense with the exhaustion requirement if further state court litigation would be futile." (Obj. at 7.) Petitioner cites *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991) and *Slutzker v. Johnson*, 393 F.3d 373, 380 (3d Cir. 2004), to support this assertion. But in both of those cases, the court simply held that it need not determine whether all of the petitioner's claims were exhausted, because even if they were unexhausted, they were procedurally defaulted. *Grey*, 933 F.2d at 120; *Slutzker*, 393 F.3d at 380. Because the magistrate judge found that Petitioner's unexhausted claims were also barred by the procedural default rule, these cases do not have any effect on the magistrate judge's reasoning. The Court will adopt the magistrate judge's determination that Petitioner did not exhaust the claims in his Petition.

### 2. Cause and Prejudice

The magistrate judge found that Petitioner's unexhausted claims were procedurally defaulted by operation of *State v. Knaffla*, 243 N.W.2d at 741. (R&R at 16.) Because the procedural default rule applies, the Court must dismiss Petitioner's Petition unless he can

demonstrate "cause and prejudice for the default, or that the failure to consider the claims will result in a fundamental miscarriage of justice." *Fraction*, 678 F. Supp. 2d at 917 (citing *Coleman*, 501 U.S. at 750). Petitioner raises no argument that failure to consider his Petition will result in a miscarriage of justice. He does argue, for the first time in his Objection to the R&R, that ineffective assistance of his appellate counsel constitutes cause and prejudice excepting his procedural default. (Obj. at 1.) Petitioner asserts that his appellate counsel's assistance fell below an objective measure of reasonableness because appellate counsel failed to raise ineffective assistance of counsel in his direct appeal and failed "to effectively and adequately raise the factual and legal issues that petitioner preserved for relief during the course of his direct appeal." (*Id.* at 1-3.)

"[T]he general rule is that 'a claimant must present all of his claims squarely to the magistrate judge, that is, the first adversarial forum, to preserve them for review.'" *Britton v. Astrue*, 622 F. Supp. 2d 771, 776 (D. Minn. 2008) (quoting *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000)). Petitioner did not raise his argument that ineffective assistance of appellate counsel provides cause for procedural default until his Objection to the magistrate judge's R&R, so he has not properly preserved this argument. Even if he had, however, the argument would fail for two reasons: (1) Petitioner has not exhausted his state remedies on this issue and (2) even if Petitioner had exhausted his state remedies, Petitioner cannot show prejudice from his appellate counsel's failure to present his *pro se* arguments.

The procedural default rule derives from "the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them." *Coleman*, 501 U.S. at 750. Cause justifying procedural

default "must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id.* at 753. Attorney error can constitute such cause, but only if the attorney's performance is so deficient that it constitutes ineffective assistance of counsel, a constitutionally-actionable violation. *Id.* at 752; *see Strickland v. Washington*, 466 U.S. 668 (1984). However, because ineffective assistance of counsel must be an independent constitutional claim to constitute cause for procedural default, it is itself subject to the finality and comity principles that require exhaustion of state remedies. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000); *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986).

A claim of ineffective assistance of appellate counsel is excepted from the *Knaffla* bar and may be raised for the first time in a first postconviction appeal under Minn. Stat. § 590.01. *Leake v. State*, 737 N.W.2d 531, 536 (Minn. 2007). The Court has seen no evidence on the record that Petitioner has filed a first postconviction appeal, and Minnesota statute provides that a postconviction appeal may be filed within two years of an appellate court's disposition of the petitioner's direct appeal. Minn. Stat. § 590.01, subdiv. 4(a)(2). Thus, Petitioner's argument that ineffective assistance of appellate counsel was cause for his failure to exhaust remedies is itself unexhausted. *See Edwards*, 529 U.S. at 451-52.

Further, in order to show ineffective assistance of counsel, Petitioner must show that his counsel made an error that prejudiced his defense, that is, he must demonstrate "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Davis v. United States*, 858 F.3d 529, 532 (8th Cir. 2017) (quoting *Strickland*, 466 U.S. at 694). The court of appeals addressed on the merits

and rejected each of the grounds for relief that Petitioner asserts his counsel should have presented in his Petition for Review. *See Yang*, 2017 WL 474400, at *6-7. Petitioner's arguments that he was deprived of his right to compulsory process, and that his trial counsel was ineffective for failing to use compulsory process on his behalf, were both rejected because the two witnesses who Petitioner's trial counsel subpoenaed exercised their Fifth Amendment rights against self-incrimination. *Id.* The court of appeals rejected Petitioner's sufficiency-of-the-evidence argument because he had stipulated to the element that he alleged was missing from the domestic assault charge, and because the element that he argued was missing from the terroristic threats charge was not actually a required element. *Id.* at *7. Finally, the court of appeals held that Petitioner was not charged with two crimes arising out of the same incident, and that he was not subject to multiple punishments because was sentenced for only one of his convictions. *Id.* None of these arguments is sufficiently meritorious that Petitioner's counsel's failure to raise them constitutes prejudicial error. Petitioner has failed to demonstrate cause and prejudice to justify his procedural default and his Petition must be dismissed.

### 3. Certificate of Appealability

Petitioner objects to the magistrate judge's recommendation that this Court not grant a certificate of appealability. (Obj. at 5-7.) A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner argues that the magistrate judge erred by failing to construe all the allegations in his Petition as true, but he cites no binding precedent requiring the magistrate judge to do so. (Obj. at 5-6.) Petitioner further argues that the magistrate

judge erred by failing to liberally construe his Petition. (*Id.* at 6-7.) The Court disagrees. Short of reading arguments into Petitioner's filings that were not there, the magistrate judge liberally construed the Petition and his recommendation against granting a certificate of appealability is sound. The Court will adopt it.

**IV.     ORDER**

The Court **OVERRULES** Petitioner's Objection [Doc. No. 16] and **ADOPTS** the Magistrate Judge's June 12, 2018 Report and Recommendation [Doc. No. 13]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Respondent Nate Knutson's Motion to Dismiss Petition for Habeas Corpus [Doc. No. 8] is **GRANTED**;

2. Petitioner Taeng Yang's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED WITH PREJUDICE**; and

3. Petitioner shall **NOT** be granted a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:     August 30, 2018                **s/Susan Richard Nelson**
                                          SUSAN RICHARD NELSON
                                          United States District Judge